People of the State of Illinois, Plaintiff-Appellant, v.
Morris Brown, Defendant-Appellee.

Gen. No. 10,387.

Third District.

May 16, 1962.

L. Allen Watt, State's Attorney (L. Allen Watt, and Richard E. Mann, of counsel), of Winchester, for appellant.

Robert Weiner (Joseph A. Londrigan, of counsel), for appellee.

ROETH, PRESIDING JUSTICE.

On January 8, 1959, one H. Eugene Stewart appeared in the Circuit Court of Scott County and waived prosecution by indictment and consented to proceed under an information then filed by the State's Attorney charging him with the crime of confidence game. His bail was fixed at $2,000. On January 9, 1959, the defendant Stewart entered into a recognizance with Morris Brown as surety in the sum of $2,000 conditioned for his appearance on the opening day of the April, 1959, term on April 27, 1959, and from day to day and term to term thereafter until final order of court. The record does not reflect any proceedings in the criminal case on the opening day of the April term. However, on April 30, 1959, the State's Attorney appeared in court and set the case for trial on May 14, 1959, whereupon the Clerk was ordered to notify the defendant of such setting. On May 14, 1959, the State's Attorney was again present in court whereupon it appeared that neither the defendant Stewart nor his surety were present. On this date the record reflects that the bail bond of the defendant Stewart was forfeited and a scire facias was directed to issue returnable June 18, 1959. The order as entered by the court is as follows:

"Cause called for hearing. Present in Court the State's Attorney of Scott County, Ill. Motion by

183

State's Attorney for an order of default against said Defendant, H. Eugene Stewart and the surety on the bail bond of said Defendant made. Defendant H. Eugene Stewart called three times in open Court and appears not, nor anyone for him, and makes default. Motion allowed. Bail bond of the said Defendant in the penal sum of $2,000 forfeited. It is further ordered by the Court that the Clerk of this Court issue a scire facias against said Defendant, and the surety on his bond to show cause by June 18, 1959, at 10:00 o'clock a. m., daylight savings time, why judgment should not be rendered against said Defendant and the surety on his bond in the amount of $2,000 and costs."

On June 18, the surety Morris Brown filed a motion to vacate or modify the forfeiture of the bond, in which motion it was stated that H. Eugene Stewart was confined in the county jail of Dubuque, Iowa, and therefore could not appear. On June 25, 1959, this motion was set for hearing on July 9. It was heard on this date and continued for furnishing of briefs until July 23 and again continued to September 3 and again to September 17. On September 17 the motion was overruled. On October 8, 1959, a rule was entered on Morris Brown to answer the scire facias by October 22. On October 14 Morris Brown filed an answer in which he again set up that his principal, H. Eugene Stewart, was at that time confined to the county jail in Dubuque, Iowa, and therefore unable to appear. On October 29 the State's Attorney filed a motion for judgment on the pleadings. This motion came on for hearing on the same date and was continued to November 12, 1959, at which time the motion was taken under advisement. On November 16 the motion for judgment on the pleadings was allowed and judgment was entered on the pleadings for the Peo-

ple of the State of Illinois and against the defendant Morris Brown for the sum of $2,000. A written order was signed by the trial judge covering the entry of the judgment.

On January 24, 1961, Morris Brown filed a motion to set aside the judgment entered on November 16, 1959, in the sum of $2,000 against him in which he set up that on June 7, 1960, H. Eugene Stewart had been convicted in the District Court of the State of Iowa for a felony and had been sentenced to the Iowa State Penitentiary for a term of not more than 7 years and that he was presently incarcerated in the State Penitentiary pursuant to said conviction. The motion further set forth that during all of the proceedings hereinbefore related Stewart was in lawful custody in Iowa and that a detainer was in the hands of the Warden of the Iowa penitentiary and attached certain exhibits to the motion as evidence of such custody. The motion prayed that the judgment for $2,000 be set aside and that the bond posted on January 9, 1959, be continued until such time as H. Eugene Stewart was released from the Iowa State Penitentiary. The State's Attorney filed an answer to this motion which among other things set up that the motion to vacate the judgment had been filed too late under the provisions of the statute and that therefore the court was without jurisdiction to hear the same. To this answer a motion was filed to strike the paragraph thereof which undertook to raise this question. On April 13, 1961, the motion to vacate the judgment, the State's Attorney's answer and the motion to strike part of the State's Attorney's answer came on for hearing, at which time evidence was heard and the cause taken under advisement. On June 5, 1961, a portion of the State's Attorney's answer to which the motion was filed was stricken and the motion to set aside the judgment and continue the bond was allowed and the judg-

ment was set aside and the bond continued accordingly.

It is conceded by all counsel that this proceeding is governed by Section 625f, Chap 38, Ill Rev Statutes. The pertinent parts of this section are as follows:

> "Within 15 months after any forfeiture of a recognizance or bond, either within 30 days or more than 30 days after the day at which such forfeiture or any judgment or decree thereupon shall have been entered, upon a motion . . . and upon a proper showing to the court upon any of the following grounds: that the accused person has been . . . convicted and imprisoned by some other state . . . the court in which any proceeding upon scire facias or foreclosure shall be pending may remit in whole or in part, within its discretion, such forfeiture and set aside or modify in accordance therewith any judgment or decree in such court entered thereupon etc. . . . . Any order remitting a forfeiture shall state in detail the reason for so remitting. Any order vacating or modifying any judgment or decree pursuant to this Section shall be in writing and signed by the judge of the court."

Counsel for the defendant contend that the 15 month period commenced to run in this case on November 16, 1959, which is the date the judgment in the scire facias proceeding for $2,000 was entered against defendant. The State's Attorney contends that the 15 month period commenced to run in this case on May 14, 1959, which is the date the bond was forfeited. The question thus presented is not difficult of solution when basic principles are understood.

A forfeiture is a judgment, effective as of the term taken and entered of record. It is not a determination of the amount due under a bond, but is rather an adjudication that accused stood charged

186

with a public offense, that he obtained his release under bond, that the bond was executed in the particular case, and that some condition of such bond was broken. 8 CJS Bail, Sec 89, page 180. Throughout the case law in Illinois the forfeiture is referred to as a "judgment of forfeiture." See McNamara v. People, 183 Ill 164, 55 NE 625; People v. Evanuk, 320 Ill 336, 150 NE 634. Upon the entry of a judgment of forfeiture the obligation of the surety becomes a debt of record and the record imports absolute verity. McNamara v. People, supra; People v. Clinnin, 12 Ill App2d 446, 139 NE2d 609. The procedure by scire facias provided by statute is the statutory method of reducing the debt of record to a money judgment and is a civil proceeding. ILP Bail, Sec 71.

■■ In our opinion the statute hereinbefore set out is clear. It provides that the motion and showing for relief must be filed within 15 months of a forfeiture, which means within 15 months of the judgment of forfeiture. The statute takes cognizance of the fact that a scire facias proceeding may be still pending, without judgment having been rendered therein, at the time the motion and showing are filed. In such a case the court is authorized to remit in whole or in part the judgment of forfeiture. It also takes cognizance of the fact, as in this case, that a judgment in the scire facias proceeding may have already been entered when the motion and showing are filed, in which case the court may set aside or modify the money judgment *and* remit in whole or in part the judgment of forfeiture. The last two sentences of the section of the statute make it rather obvious that a judgment of forfeiture and a money judgment in the scire facias proceeding are two separate and distinct things.

Our view in this regard is strengthened by the provisions of Sec 625g of Chap 38, Ill Rev Stats, which provides all moneys received from forfeited bonds

187

shall be held "for a period of 15 months from the date of the forfeiture" and the subsequent provisions that "at any time within such 15 month period the court wherein the forfeiture occurred" may order the return of all or part of the money so received under certain conditions.

It is worthy of note in this case that Stewart is alleged to have been convicted and incarcerated in Iowa on June 7, 1960, which was well within the 15 month period of the date of judgment of forfeiture. The defendant had ample time within which to file his motion and showing to bring himself within the construction which we have placed on the statute.

Accordingly the action of the Circuit Court of Scott County in vacating the judgment and continuing the bond will be reversed.

Reversed.

REYNOLDS and CARROLL, JJ., concur.