**People of the State of Illinois, Plaintiff-Appellee, v. Robert James Bressette, Defendant-Appellant.**

Gen. No. 69–185.

Second District.

June 9, 1970.

Robert P. Will, Jr., Public Defender, of Waukegan, and Wayne B. Flanigan, Assistant Public Defender, of Zion, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, and Nello P. Gamberdino, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from an order denying his motion in arrest of judgment entered after conviction by a jury upon an indictment charging the offense of reckless homicide (Ill Rev Stats 1967, c 38, § 9–3(b)).

Whether the defendant's prior plea of guilty before a magistrate on a traffic offense alleging wrong lane usage (Ill Rev Stats 1967, c 95½, § 156), precluded the State from proceeding on an indictment for the offense of reckless homicide, is the sole issue raised.

The issue relates to the effect of Ill Rev Stats 1967, c 38, §§ 3–3 and 3–4(b) which provide, as relevant here,

"Sec. 3–3. Multiple Prosecution for Same Act.

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, . . . if they are based on the same act.
". . .

"Sec. 3–4. Effect of Former Prosecution.
". . .

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for

470

the same offense based upon different facts, if such former prosecution:

> "(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3-3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began; . . . .
>
> ". . . ."

On September 7th, 1968, Robert James Bressette was involved in an automobile accident in which three persons were killed at the scene. He was arrested by a county deputy sheriff and immediately charged with the wrong lane usage offense. The UART ticket-complaint was set for hearing before a magistrate on September 25th, 1968. Upon this return date the defendant pleaded guilty and was assessed a fine and costs. The record is silent on the subject of whether a prosecutor was present at this hearing, but the State's assertion that none was present and that the State's Attorney was not advised of the traffic charge against the defendant prior to the hearing and plea, has not been controverted.

On October 28th, 1968, a four-count indictment was returned by the grand jury charging the offense of reckless homicide. After the trial and conviction under the indictment, defendant's counsel brought the fact of the earlier

471

conviction on the traffic complaint to the attention of the State's Attorney and the court.

Defendant relies principally upon People v. Limauge, 89 Ill App2d 307, 231 NE2d 599 (1967) in support of his contention that the cited provisions of the criminal code bar the subsequent prosecution. In Limauge, the defendant was charged with the offense of driving on a revoked license immediately following an accident which involved a fatality. Subsequent to entry of a plea of guilty to that offense, he was indicted for reckless homicide and unsuccessfully moved the bar of the statute.

On appeal, the court first concluded that sections 3–3 and 3–4(b) did not apply because the two charges did not arise out of the same "act" within the meaning of the statute. The opinion referred to a further point which the State had raised, that at the time the revocation charge was brought, the "aptness" of the homicide charge was not known in the sense that it could not be determined until further investigation that the State should bring such charge. The court's comment, in the nature of obiter dicta was that, even assuming that a single act was involved, "aptness" was not the same as "known." It was concluded that the homicide offense was "known" to the proper prosecuting officer at the time of the revocation conviction.

The record here presents a different case. The proper prosecuting officer had no knowledge of the prior traffic charge. In Limauge, such officer presumably knew of the prior charge, but allowed a plea of guilty to be entered to it while he further investigated it to determine whether an additional charge was "apt."

The case before us, on the narrow issue presented, is determined by the holding in People v. Pohl, 47 Ill App2d 232, 241, 197 NE2d 759 (1964). In Pohl, the defendant was convicted before a justice of the peace on the traffic charge of driving on a revoked license, and fined. Sub-

472

sequently he was charged by information with the same offense, convicted in the then county court, and sentenced. The bar of sections 3–3, 3–4, supra, was urged, and on appeal the judgment of conviction was affirmed. In a careful review, the court concluded that the legislature in the use of the term "proper prosecuting officer" referred to the state's attorney and his assistants, and not to the state police officer who had made the initial arrest.

Defendant suggests that modern police procedures, coupled with the statutory duties of a state's attorney to investigate possible crimes and attend prosecutions in the now unified circuit court, require that we impute the knowledge of the arresting officer to the state's attorney. We do not preclude a case in which the denial by a state's attorney that he has such knowledge may not be accepted where evidence in the record fairly points to a contrary conclusion, but this is not that case.

In reaching the result that the subsequent prosecution was not barred because the previous charge was unknown to the proper prosecuting officer, we do not reach defendant's remaining contentions that both charges arose out of a single act within the meaning of the statute barring multiple prosecutions.

We affirm the judgment.

Affirmed.

ABRAHAMSON and MORAN, JJ., concur.