THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ALBERT L. JACKSON, Defendant-Appellee.

Third District   No. 3—85—0086

Opinion filed May 14, 1986.—Rehearing denied July 11, 1986.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Kenneth D. Brown, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Albert L. Jackson, was charged with two counts of reckless homicide. Pursuant to the defendant's motion based on double jeopardy, the court struck one count and precluded the State from introducing evidence of the defendant's intoxication in its prosecution of the remaining count. The State brought the instant appeal.

On November 12, 1982, the defendant was involved in an automobile accident which caused the death of the defendant's passenger. On that same day, the defendant was issued uniform traffic citations for "driving under the influence" (DUI) and illegal transportation of alcohol. (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—501, 11—502.) The following Monday, November 15, at a bond call for which the defendant was not represented by counsel and for which there may have been no prosecutor present, the defendant pleaded guilty to both charges. The court accepted the defendant's knowing and voluntary pleas and continued the case for sentencing.

On December 8, 1982, the case was called. In the defendant's absence, the court granted the State's motion to nol-pros both charges.

On December 20, 1982, the State filed the instant indictment, alleging two counts of reckless homicide. (Ill. Rev. Stat. 1983, ch. 38, par. 9—3(a).) Count I alleged that by recklessly swerving, the defendant caused the automobile he was driving to strike a tree and thereby cause the death of his passenger. Count II was essentially identical to count I with the additional allegation that the defendant was driving under the influence of alcohol.

In September and November of 1984, respectively, the defendant filed his motion and amended motion to dismiss the bill of indictment. In his filings and at the hearing on the amended motion, the defendant argued that reliance on the factual basis for the DUI and illegal-transportation proceedings in prosecution of the reckless homicide charges constituted double jeopardy. According to the defendant, jeopardy attached when he was prosecuted for, and pleaded guilty to, the prior charges.

The court found that the defendant had been placed in jeopardy as to the crime of DUI. Finding that count II could not be sustained without proof that the defendant drove under the influence of alcohol, the court dismissed count II. The court did not dismiss count I, but ordered that to prove it, the State would not be allowed to introduce any evidence of drinking, intoxication, or illegal transportation of alcohol.

■■ The State's first argument on appeal is that the court improperly allowed in part the defendant's motion to dismiss, as no jeopardy related to the DUI offense had attached. The State bases its arguments on its assertions that the charging instrument was fatally defective and that the State was not afforded an opportunity to be present at the defendant's first court appearance so that it could nol-pros the charge before the court accepted the defendant's guilty pleas.

We will first address the former basis and will address the latter basis in connection with the defendant's second argument. Initially, we find that the DUI citation to which the defendant pleaded guilty was flawed as it charged the defendant with "driving under the influence" without specifying the influence of any substance. (*People v. Utt* (1983), 122 Ill. App. 3d 272, 461 N.E.2d 463.) Nevertheless, that defect did not deprive either the court of subject matter jurisdiction (*People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456), or the defendant of the capacity to plead guilty to the charge (see Ill. Rev. Stat. 1983, ch. 38, pars. 111—3(b), 111—2(b); *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437). Furthermore, because the defect was not jurisdictional it was waived by the defendant's voluntary guilty plea. (*People v. Dunn* (1972), 52 Ill. 2d 400, 288 N.E.2d 463.) The flaw in the DUI charge against the defendant did not prevent the attachment of jeopardy.

■ The State's second argument, also closely connected with its first argument, is that the defendant's guilty plea was void as the court improperly allowed its entry without affording the State the opportunity to be present at the proceedings. According to the State, no jeopardy attached as to the offense of DUI as the State was not notified of, or present at, the plea proceedings, no conviction was ever entered, and the charge was quickly nol-prossed once the proper prosecutorial authorities were notified.

The State relies largely on *People v. Bressette* (1970), 124 Ill. App. 2d 469, 259 N.E.2d 592. In *Bressette*, the court found that the State was not precluded from proceeding on a reckless homicide indictment by the defendant's guilty plea to wrong-lane usage, the latter charge arising out of the same events as the former. We find that the State misplaces reliance on *Bressette*.

In the instant case, unlike in *Bressette*, whether the State was afforded an opportunity to be present at the defendant's first court appearance is a matter of substantial dispute. In that regard, we have taken with the case a motion by which the defendant requests that we strike an appendix to the State's reply brief offering a certified copy of the request made by the State's Attorney's office for the defendant's driving record. The State offers the appendix to support its claim that it was absent from the plea offering. We deny the defendant's motion to strike the appendix, but grant his request to respond to the public document.

■ In considering the State's second argument, we again note that here, unlike in *Bressette*, the defendant does not concede the State's absence from the hearing where the pleas were offered and

accepted (the hearing). Consequently, we must first presume that the State's Attorney performed his duty of prosecuting felony and misdemeanor charges, unless he rebuts the presumption by denying he was present to so perform. (Ill. Rev. Stat. 1983, ch. 14, par. 5; *In re Vitale* (1976), 44 Ill. App. 3d 1030, 358 N.E.2d 1288, *vacated on other grounds* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260.) Regarding the State's rebuttal, we note that despite the State's vigorous argument on appeal that it was not notified of, and did not participate in, the plea proceedings, in the trial court, the assistant State's Attorney, the person who had the best opportunity for personal knowledge of the proceedings, stated that he could only assume that the prosecutor was not present at the hearing.

As the defendant's denial of the State's absence at the hearing is distinct from the facts in *Bressette*, so is the instant time sequence. In *Bressette*, the defendant offered his guilty plea at the first hearing set by the complaint. That hearing was on the 18th day following the accident; and there is no indication that the defendant was held in custody pending the hearing. Here, in contrast, the defendant, after his arrest on Friday, spent the weekend in jail without the opportunity to appear before a judge. Thereafter, the defendant offered his guilty plea, when, on Monday, he was accorded his first court appearance.

■ We consider the instant circumstances in conjunction with Supreme Court Rules 504 and 505 (87 Ill. 2d Rules 504, 505). Rules 504 and 505 concern, *inter alia*, court appearances of defendants charged by uniform traffic citation and complaint. The express purpose of those rules is to provide to a defendant charged by uniform traffic citation an early hearing on his alleged offense. (*People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443.) Consequently, when the defendant offered his pleas, he was scheduled to appear at an early hearing on his alleged offenses. (87 Ill. 2d Rules 504, 505.) Additionally, as we have previously noted, at the hearing, the defendant was entitled to plead guilty to the traffic complaints upon which he had been held and the court had jurisdiction to receive the pleas. We note further that there is no indication that the defendant offered his pleas with the purpose of avoiding other prosecution (Ill. Rev. Stat. 1983, ch. 38, par. 3—4(d)(2)) or with any other purpose except to acknowledge responsibility for the offenses with which he had been charged.

■ Under these circumstances, considering the nature of the State's equivocal claim in the trial court that it was not present at the hearing, the purpose of Rules 504 and 505, and the absence of

any conflicting finding by the trial court, there is no reason to find that the defendant was not subjected to jeopardy by his guileless offering of guilty pleas accepted by the court. Consequently, we find that any argument that the State's absence from the plea proceedings prevented attachment of jeopardy is without merit.

■ The State's third argument on appeal is that the prosecution for reckless homicide is not barred either by section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 3—4), or on constitutional grounds. The defendant responds, in part, that the prosecution for count II is barred by double jeopardy because that charge could not be sustained without proof of the lesser offense of DUI, on which offense jeopardy had already attached. The defendant relies primarily on *People v. Zegart* (1980), 83 Ill. 2d 440, 415 N.E.2d 341. We agree with the defendant.

The fifth amendment to the United States Constitution protects a defendant from being placed twice in jeopardy for the same offense. (U.S. Const., amend. V.) A more serious offense is the same as a less serious offense, for double jeopardy purposes, if proof of the more serious always entails proof of the lesser. *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260.

In *People v. Zegart* (1980), 83 Ill. 2d 440, 415 N.E.2d 341, the Illinois Supreme Court interpreted the United States Supreme Court's decision in *Vitale*. The court considered whether the defendant's conviction on a guilty plea to driving across a highway dividing median barred a subsequent prosecution for reckless homicide arising out of the same occurrence. It concluded that the State's proposed use of the factual basis which led to the first conviction as the basis for the second conviction would violate the constitutional protection against double jeopardy.

■ In the instant case, when he offered and the court accepted his guilty pleas, the defendant was present at a judicial proceeding in which the court reached a final determination of his guilt of DUI and illegal transportation. Consequently, the defendant was subjected to jeopardy on those offenses. See *People v. Chatman* (1967), 38 Ill. 2d 265, 230 N.E.2d 897.

The instant count II arose out of the same occurrence as the defendant's traffic citation for DUI. That count alleged specifically that the defendant had driven under the influence of alcohol. On the strength of *Vitale* and *Zegart*, and with reference to our conclusion that the defendant has been once subjected to jeopardy on DUI, we find that the court properly dismissed count II. Proof of count II would have required proof of the DUI conviction on which the

defendant had previously been placed in jeopardy. (Compare, *People v. Mueller* (1985), 109 Ill. 2d 378, 488 N.E.2d 523.) Because we find that count II was properly dismissed on constitutional grounds, we do not address the State's argument based on section 3—4 of the Criminal Code of 1961.

■ In its fourth and final argument, the State argues that even if the court properly dismissed count II, it manifestly erred by precluding the State from introducing on count I any evidence of the defendant's drinking, intoxication, or illegal transportation of alcohol. According to the State, the precluded evidence is not barred by the constitutional protection against double jeopardy as the evidence of the defendant's intoxication at the time of the offense is merely probative and relevant but not required to sustain a conviction for reckless homicide; and as the court found that double jeopardy concerns were not invoked by the defendant's former charge of illegal transportation of liquor.

The State's argument is without merit. As we have found, and notwithstanding any contrary finding by the trial court, the defendant was placed in jeopardy when the court accepted his pleas of guilty. Those pleas were both to DUI and illegal transportation of alcohol. Consequently, under *Zegart*, the court properly barred the State's use of the factual basis of those accepted pleas, *i.e.*, evidence of the defendant's drinking, intoxication, and illegal transportation, from prosecution on count I of the instant indictment.

Based on the foregoing, the judgment of the circuit court of Kankakee County is hereby affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.