*In re* MARK McGOVERN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARK McGOVERN, Defendant-Appellee.)

Second District   No. 77-503

Opinion filed August 14, 1978.

1050

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith and Edmund P. Bart, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The trial court, in a delinquency hearing, found that the minor involved was not a delinquent and the State appeals. The minor has not filed a brief.

On May 18, 1977, two investigators from the State's Attorney's office of Du Page County, Tara Kelley and Mary Lou Ryan, went to the Lake Park West High School grounds and there purchased cannabis from the minor herein and paid him $35 for the same. The delinquency petition was filed alleging that the minor knowingly and unlawfully delivered to special employee 481 of the Du Page County State's Attorney's strike force more than 10 grams and less than 30 grams of cannabis. An adjudicatory hearing was held in the delinquency proceedings and on July 6, 1977, the trial court found that the respondent minor did in fact deliver the cannabis on May 18, 1977, to Mary Lou Ryan. He then found the minor not to be a delinquent, stating:

> "* * * and for that reason, for the reason that there is no proof that special employee 481 even exists or anything of that nature, my finding is that the respondent minor is not a delinquent minor."

The basis for this decision was further stated,

> "* * * and the proof is not there, that a special employee No. 481 is involved in this case in any way."

A subsequent motion to amend the pleadings to conform to the proof on July 26, 1977, was denied. There is no question but that the trial court erred in its decision.

In *People v. Adams* (1970), 46 Ill. 2d 200, 263 N.E.2d 490, the indictment charged the sale of a narcotic drug to one Al Nichols. The evidence at trial disclosed the true name of the purchaser was Albert Bradley but that he was also known as Al Nichols. The court stated that the gravamen of the offense of sale of narcotics is the unlawful sale itself. The supreme court quoted *Clay v. United States* (10th Cir. 1963), 326 F.2d 196, 199, where the Federal court in affirming a conviction based on an indictment which did not include the name of the purchaser, stated:

> "The statute makes no provision or requirement with respect to the identity of the person to whom the illegal sale is made and we must therefore conclude * * * that the identity of the purchaser is not an element of the offense."

The court concluded in *Adams* that:

> "We consider that it is not necessary that an indictment for the sale of a narcotic drug name the purchaser in order to satisfy this constitutional requirement." 46 Ill. 2d 200, 203, 263 N.E.2d 490, 491.

■■■ In *People v. Mickelson* (1975), 32 Ill. App. 3d 813, 816, 336 N.E.2d 806, 809, the appellate court stated:

> "As a corollary to the attack on the sufficiency of the evidence, defendant specifies that the indictment charged him with delivering the heroin to 'Robert Lacey' and correctly notes that no one by that name testified or was even mentioned at the trial. Such a misnomer, however, is merely a formal defect and not a fundamental one [citation] and as long as the variance did not surprise the defendant or prevent him from properly preparing his case, we do not believe that this omission would justify reversal.[Citations.]"

We find no distinction between a criminal indictment charging the sale of narcotics and a delinquency petition charging the delivery of cannabis. The rules applicable to criminal cases apply to delinquency petitions in a situation such as this. (*In re Longley* (1973), 16 Ill. App. 3d 405, 306 N.E.2d 527.) Identity of the purchaser or of the recipient of the cannabis need not be alleged or proven either in a criminal trial or in a delinquency proceeding. It is not an element of the offense. The trial court, therefore, erroneously found that the delinquency petition was defective because the State did not prove the identity of Agent 481 when, in fact, the delivery was made to either Ryan or Kelley.

Notwithstanding this, the trial court has found respondent minor not to be a delinquent. The minute order in the record states "minor found not guilty."

■■ Supreme Court Rule 660 (Ill. Rev. Stat. 1975, ch. 110A, par. 660) provides that "Appeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases." The rule applicable to appeals by the State is found in Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), which provides:

> "(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

It is well settled that after trial on the merits in a criminal case there shall be no appeal from a judgment of acquittal. (Ill. Const. 1970, art. VI, §6; Ill. Rev. Stat. 1975, ch. 38, par. 3—4(1).) In this case, it is clear that the trial court's findings of no delinquency and not guilty followed the trial on the merits. The effort of the State to amend the delinquency petition some 20 days after the finding of no delinquency and the further finding of not guilty is, of course, of no effect. The doctrine of double jeopardy applies to delinquency proceedings as it does to criminal proceedings. (See *In Re Vitale* (1978), 71 Ill. 2d 229, 375 N.E.2d 87.) Were we to reverse and order a new trial on the basis of the error herein, that constitutional guarantee would be violated.

■■ It is to be noted that Supreme Court Rule 604(a) permits the State to appeal from an order which has a substantive effect of dismissing a charge for any ground contained in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). This, however, is not applicable to the instant case as there has been an express finding that the respondent minor was not a delinquent and a further finding of not guilty. The charge herein was not dismissed. The prosecutor could have brought the possibility of a dismissal to the attention of the trial court and perhaps avoided the situation we are faced with herein. However, this was not done and under the circumstances before us there is no provision for an appeal by the State. We must, therefore, reluctantly dismiss this appeal.

Dismissed.

SEIDENFELD, P. J., and NASH, J., concur.