67 Ill. App.3d 451 (1978)
384 N.E.2d 531
In re R.L.K., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant,
v.
R.L.K., Defendant-Appellee.)  In re L.A.C., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant,
v.
L.A.C., Defendant-Appellee.)
Nos. 14919, 14920 cons.
Illinois Appellate Court  Fourth District.
Opinion filed December 29, 1978.
*452 J. Russell McCaskill, State's Attorney, of Mt. Sterling (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.
Richard J. Wilson and Don L. Johnson, both of State Appellate Defender's Office, of Springfield, for appellees.
Judgment affirmed.
Mr. JUSTICE MILLS delivered the opinion of the court:
Are the concepts of double jeopardy and compulsory joinder to be applied to MINS proceedings (minor in need of supervision)?
The short answer: Yes.
The State filed MINS petitions requesting that the respondents, L.A.C. and R.L.K., be adjudged minors in need of supervision and made wards of the court because of their involvement in an alleged theft. At the hearing on the petitions the State called to the witness stand Chief of Police Larry Bowen who testified that both minors had made statements to police admitting their involvement in the theft of a candy machine.
The People then rested their case and the minors' guardian ad litem moved for a directed verdict on the grounds that the State had not established that the respondents were minors in need of supervision. This motion was granted by the trial judge who stated that he did not believe the State had proved by a preponderance of the evidence that the minors were out of the control of their parents. The court further stated that it realized the State's Attorney had petitioned to have these respondents declared minors in need of supervision because he was looking for a lesser solution than having them declared delinquent and stated that this policy was "commendable." The trial court found, nevertheless, that a directed verdict was appropriate.
The State did not appeal this order but, instead, filed petitions for adjudication of wardship against both respondents, alleging that they were delinquent. The petitions charged that the minors had violated the curfew statutes, committed criminal damage to property, and had been involved in a theft. (These charges arose out of the same conduct that was charged in the first petition.) At the hearing on the petition, Chief Bowen was again called by the State to the witness stand and it was stipulated that his testimony would be the same as at the previous hearing on the petition to have respondents adjudged minors in need of supervision and made wards of the court. The State then rested.
The minor respondents then made an oral motion to dismiss on the grounds that the petitions did not state the offenses with the particularity required by section 111-3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 111-3). Specifically, they argued that the petitions did not state the date of any of the three offenses, that the criminal damage and theft allegations did not state the names of the respondents, and that *453 the criminal damage allegation did not specify the subsection of the statute said to have been violated. As an alternative ground for dismissal, respondents argued that the proceedings on the delinquency petition were barred by double jeopardy. It was argued that the theft allegations were barred by section 3-4 of the Criminal Code because the prior adjudicatory proceeding was a former prosecution for theft, and that the curfew and criminal damage allegations were barred by section 3-3 of the Criminal Code because these offenses were known to the prosecution at the time of the prior proceeding and therefore were subject to the compulsory joinder rules of the Criminal Code. Ill. Rev. Stat. 1977, ch. 38, pars. 3-3, 3-4.
The trial court granted respondents' motion on double jeopardy and compulsory joinder grounds, although in his written order the trial court also stated (as an alternative ground) that the charge was not sufficiently specific. The State attacks all three grounds on appeal but, in light of our decision on the compulsory joinder and double jeopardy issues, we need not discuss arguments dealing with the sufficiency of the charge.
 1 Before the merits of this appeal can be examined, there is a threshold jurisdictional question: Namely, whether the State has a right to appeal the trial court's order dismissing the delinquency petition. We say yes.
Supreme Court Rule 660(a) provides that "[a]ppeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases." (Ill. Rev. Stat. 1977, ch. 110A, par. 660(a).) In criminal cases, Supreme Court Rule 604(a) states that the State may appeal from an order dismissing a charge for any of the grounds enumerated in section 114-1 of the Criminal Code. (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a); Ill. Rev. Stat. 1977, ch. 38, par. 114-1.) In the instant case, the dismissal was ordered because the trial court was of the opinion that the delinquency proceeding was brought in violation of sections 3-3 and 3-4 of the Criminal Code. These are grounds which are enumerated in section 114-1 of the Code. Thus, the instant case is clearly appealable. See People v. Hill (1971), 133 Ill. App.2d 147, 272 N.E.2d 840.
Proceeding to the substantive aspects of the case, we are immediately confronted with questions concerning the relevancy and application of compulsory joinder and double jeopardy principles.
The double jeopardy clause of the fifth amendment to the Constitution of the United States provides:
"* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V.
Section 3-4(b)(1) of the Illinois Criminal Code deals with double jeopardy and states (in part):
"A prosecution is barred if the defendant was formerly *454 prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:
(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3-3 of this Code * * *." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 3-4(b)(1).
Section 3-3 of the Criminal Code is the compulsory joinder provision and states (in part):
"(a) When the same conduct of a defendant may establish the commisson of more than one offense, the defendant may be prosecuted for each such offense.
(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, * * *." Ill. Rev. Stat. 1977, ch. 38, par. 3-3(a)(b).
The People concede that the curfew violation and criminal damage to property offense were known to the State at the time the first petition was filed. Therefore, under sections 3-3(b) and 3-4(b)(1), it is clear that the State was required to include the curfew violation and the criminal damage to property charge in the first petition. In addition, both statutory and constitutional double jeopardy provisions mandate that the State was barred from alleging the theft violation in the second petition.
The State, however, argues that the compulsory joinder and double jeopardy provisions of the Criminal Code do not pertain to the instant proceeding because the adjudication regarding whether a minor is in need of supervision is a civil action. The state, ergo, contends that a subsequent proceeding on a petition alleging that the minor is delinquent is not barred by the double jeopardy and compulsory joinder provisions of the Criminal Code since those provisions deal only with criminal prosecutions.
This argument fails. Our supreme court in In re Vitale (1978), 71 Ill.2d 229, 375 N.E.2d 87, has acknowledged that sections 3-3 and 3-4 apply to delinquency proceedings. In Vitale, the minor respondent struck two small children while driving an automobile and both of those children died. Later, the respondent pleaded guilty to a traffic complaint and was fined. On the following day, a petition for adjudication of respondent's wardship was filed in the juvenile division alleging that the respondent was delinquent in that he had committed involuntary manslaughter resulting in the death of two minors. The respondent *455 moved to dismiss the petition asserting that the prosecution of the traffic charge barred the subsequent prosecution of the same offense under the compulsory joinder provision of the Criminal Code and the double jeopardy provision of the United States Constitution. The trial court dismissed the petition and the appellate court affirmed.
The supreme court then affirmed both lower courts' decisions but rested its decision on double jeopardy principles. In reaching that conclusion, the court cited the United States Supreme Court case of Breed v. Jones (1975), 421 U.S. 519, 44 L.Ed.2d 346, 95 S.Ct. 1779, wherein it was held that prosecuting a minor in special juvenile adjudicatory proceedings places him in jeopardy within the meaning of the fifth amendment. Accordingly, our supreme court in Vitale concluded that the respondent's trial and conviction in the traffic court barred a subsequent action in the juvenile court.
The State attempts to distinguish the Vitale decision on the basis that it concerned a delinquency proceeding whereas the instant case is concerned with a petition to declare a minor in need of supervision (MINS). The State admits that a delinquency proceeding is in the nature of a criminal prosecution because the minor's liability for the commission of an offense is determined. However, while a delinquency proceeding may be a prosecution for double jeopardy purposes, the State argues that a MINS proceeding is not.
We cannot agree with the State's strict, black and white dichotomy between a delinquency proceeding and a MINS proceeding. As the respondents point out, the United States Supreme Court has discounted distinctions in juvenile cases based upon the "civil vs. criminal" label. (Breed v. Jones (1975), 421 U.S. 519, 44 L.Ed.2d 346, 95 S.Ct. 1779; In re Winship (1970), 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068; In re Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428.) A more realistic and effective analysis delves into the respective characteristics of the proceedings rather than being restricted and stifled by artificial classifications and nomenclature.
Here, an examination of the two proceedings produces striking similarities between MINS and delinquency proceedings. For instance, minors charged under either a MINS or delinquency petition may be placed in a detention or shelter care facility prior to actual proceeding. (Ill. Rev. Stat. 1977, ch. 37, pars. 703-1, 703-3, and 703-6.) Both a minor found to be delinquent and a minor found in need of supervision may be placed on court supervision in their own home subject to conditions placed upon their liberty by a probation officer or any other person that is designated by the court. (Ill. Rev. Stat. 1977, ch. 37, par. 704-7.) In fact, the sole additional option available to a court in a delinquency proceeding, as opposed to a MINS proceeding, is that a *456 delinquent child may be committed to the Department of Corrections, Juvenile Division. (Ill. Rev. Stat. 1977, ch. 37, pars. 705-2(1)(a), 705-2(1)(b), 705-7.) However, as the defendants note, a delinquent minor can only be committed to the Department of Corrections if an adult found guilty of the same offense could be incarcerated. Ill. Rev. Stat. 1977, ch. 37, par. 705-2(1)(a).
 2 Thus, because the potential consequences of a MINS and a delinquency determination are substantially similar  including the stigma associated with both proceedings  the protection afforded delinquents by the compulsory adjoinder and double jeopardy provisions of the Criminal Code should be applied to MINS children. (See Garrison v. Jennings (Okla. Crim. App. 1974), 529 P.2d 536.) Moreover, the double jeopardy clause embodied in the fifth amendment of the United States Constitution and applied to the States through the due process clause of the fourteenth amendment also should apply in MINS cases as well as juvenile delinquency proceedings. See Vitale.
A word of caution to the reader, however, in case some might argue that we have destroyed any differences between delinquency and MINS proceedings. We emphasize that our decision here is limited to the holding that the hybrid nature of a MINS proceeding requires the applicability of compulsory joinder and double jeopardy provisions. This opinion should not in any way be interpreted as implying that the Criminal Code  in its entirety  is now incorporated into MINS proceedings.
To recap: (1) Since the criminal damage to property offense and the curfew violation were not listed in the first petition for adjudication, sections 3-3(b) and 3-4(b)(1) of the Criminal Code barred prosecution on those charges in the second petition; and (2) the trial court's directed verdict on the MINS petition barred the second petition's theft allegations on statutory and constitutional double jeopardy grounds.
The trial court's judgment is affirmed.
Affirmed.
TRAPP and CRAVEN, JJ., concur.