THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RENEE POLIAK, Defendant-Appellee.

Second District    No. 83—13

Opinion filed May 25, 1984.

John W. Cox, Jr., State's Attorney, of Galena (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

This action involved an appeal by the State from an order of the circuit court of Jo Daviess County, Illinois, dismissing the State's complaint against defendant-appellee, Renee Poliak. The State asserts that the trial court erred in ruling that the theft prosecution was barred by section 3—4(c) of the Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(c).) Defendant responds that the trial court's order was proper because she was adjudicated delinquent in the State of Colorado for the same conduct. We affirm.

Defendant was charged by information on September 21, 1982, with the offense of theft over $300 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)), for knowingly obtaining unauthorized control over the property of another. Defendant filed a motion for discharge on November 24, 1982, grounded on statutory and constitutional double jeopardy provisions. The basis for the motion was a petition filed on September 16, 1982, in the juvenile court of Boulder County by the State of Colorado alleging that defendant was a delinquent child because "between the dates of August 22, 1982, and September 8, 1982, in the City of Boulder, County of Boulder, State of Colorado, Renee Ann Poliak did unlawfully and knowingly obtain and exercise control over the motor vehicle of Anna Richardson without authorization and by threat of deception; contrary to C. R. S. 1973, 18—4—409 (4), as amended."

Defendant came under the jurisdiction of the juvenile court because at the time of her arrest in Colorado, she was 17 years old. The records from the State of Colorado indicate that defendant appeared with an attorney at this adjudicatory hearing and admitted the allegations in the petition. Thereafter, the Colorado court adjudicated her a delinquent. Because the facts supporting the later Illinois prosecution allegedly were identical to those supporting the delinquency adjudication in Colorado, defendant argued in her motion for discharge that

the Illinois prosecution was barred based on an Illinois statute (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(c)) and the double jeopardy provisions of the State and Federal constitutions.

The court held a hearing on defendant's motion at which the parties stipulated that the car was taken from Jo Daviess County, the owner of the car lived in Jo Daviess County, and two defendants were in the car when it left the county. Defendant argued the Illinois prosecution was barred on the basis of section 3—4(c) because the Colorado delinquency adjudication was a former prosecution and both actions were predicated on the same facts. In response, the State argued Colorado did not have jurisdiction over the charge of obtaining possession of the car because the car was taken in Illinois, not Colorado. The State also contended the Illinois complaint required proof of a fact not required in the Colorado action, and that certain exceptions to the applications of section 3—4 authorized prosecution of defendant in Illinois.

The trial court in its order stated that the Illinois prosecution was not barred by constitutional double jeopardy prohibitions because more than one sovereign was involved. The court also found that Colorado did have jurisdiction over the charge of *exerting* control and arguably had jurisdiction over the charge of *obtaining* control of the car because while "[t]here are no cases defining this word 'obtain,' " it could be argued "that each time she parked and left the vehicle, she again 'obtained control' over the vehicle when she returned to it." The trial court ruled that while defendant was charged in the Illinois prosecution with obtaining control, the crime of theft is continuing and that both "exerting" and "obtaining" constitute one offense of theft. Since the court also found that the juvenile adjudication was a "conviction" or "prosecution" within the meaning of section 3—4(c) of the Criminal Code, the court concluded the Illinois prosecution was barred by that section and dismissed the complaint. The State filed a timely notice of appeal.

■ The first argument advanced by the State is that section 3—4(c) does not bar the instant prosecution because the juvenile adjudication in Colorado is not the equivalent of a "former prosecution" or a "conviction" within the meaning of the statute. The State acknowledges it failed to raise this argument before the trial court, but contends this court should consider the merits of the challenge under the plain-error rule. (87 Ill. 2d R. 615(a).) In its order, the trial court stated that "[n]either party raises any question as to whether the adjudication under the juvenile code of Colorado was a 'conviction' or a 'prosecution,' and this Court assumes that it would so qualify." While

the issue was not raised by the State below, the court nevertheless in its order appears to have ruled on the issue. We address the merits of the State's argument by invoking the plain-error doctrine. 87 Ill. 2d R. 615(a).

The State's argument is predicated on statutory grounds and is not based on the constitutional prohibition against double jeopardy, for that prohibition does not pertain to successive prosecutions by different governments. (*Bartkus v. Illinois* (1959), 359 U.S. 121, 3 L. Ed. 2d 684, 79 S. Ct. 676.) The State employs the statutory construction rule that identical or similar terms appearing in different sections of the same statute should be given a consistent meaning. It contends prior judicial interpretations of other Criminal Code sections suggest that a delinquency adjudication is not a "prosecution" within the section 3—4(c). See, *e.g.*, *In re W.W.* (1983), 97 Ill. 2d 53 (the terms "defendant" and "conviction" in the costs statute authorizing fees for State's Attorneys indicate the statute was not intended to apply to juvenile proceedings which "are not criminal in nature"); *In re S.R.H.* (1983), 96 Ill. 2d 138 (Criminal Code requirements relating to formal charging instruments do not apply to petitions seeking adjudication of wardship based upon delinquency); *People v. Woodruff* (1981), 88 Ill. 2d 10 (in concluding that the speedy trial provisions of the Criminal Code of 1961 did not apply to juvenile proceedings, the court emphasized that "offense" used in section 103—5 of the Code of Criminal Procedure of 1963 relates to criminal prosecutions only); *In re R.R.* (1979), 75 Ill. App. 3d 494, 394 N.E.2d 75, *cert. denied* (1980), 447 U.S. 928, 65 L. Ed. 2d 1122, 100 S. Ct. 3025 (a minor is not entitled in a delinquency proceeding to "post-conviction" relief, citing the differences between a criminal trial and a juvenile proceeding).

The State also cites language in *McKeiver v. Pennsylvania* (1971), 403 U.S. 528, 541, 29 L. Ed. 2d 647, 658, 91 S.Ct. 1976, 1984, that "the juvenile court proceeding has not yet been held to be a 'criminal prosecution.' " The court in *McKeiver* held a minor is not entitled as a matter of right to a jury trial in the adjudicative phase of a State juvenile court delinquency proceeding. In response, defendant cites *Breed v. Jones* (1975), 421 U.S. 519, 44 L. Ed. 2d 346, 95 S. Ct. 1779, where the court held that the double jeopardy provision of the fifth amendment prevented adult prosecution of a defendant for the same offense on which he had previously been adjudicated a delinquent. As the *Breed* court said, "in terms of potential consequences, there is little to distinguish an adjudicatory hearing such as was held in this case from a traditional criminal prosecution." 421 U.S. 519, 530, 44 L. Ed. 2d 346, 356, 95 S. Ct. 1779, 1786.

None of the preceding cases has construed the specific statute which is the subject of this appeal. Defendant, however, cites two cases which she asserts have recognized the applicability of section 3—4 to juvenile proceedings. In *In re McGovern* (1978), 62 Ill. App. 3d 1049, 379 N.E.2d 937, this court held that the State could not appeal a finding in a delinquency action that the minor was not delinquent. Noting that Supreme Court Rule 604(a)(1) stated that appeals of final judgments in delinquency proceedings were governed by the rules applicable in criminal cases, this court concluded the State could not appeal the trial court's ruling because of double jeopardy principles. In so concluding, this court stated that "[i]t is well-settled that after trial on the merits in a criminal case there shall be no appeal from a judgment of acquittal. (Ill. Const. 1970, art. VI, sec. 6; Ill. Rev. Stat. 1975, ch. 38, par. 3—4(1).)" (62 Ill. App. 3d 1049, 1052, 379 N.E.2d 937, 940.) While this court cited section 3—4, it based its decision principally on the fact that allowing the State to appeal would violate the constitutional prohibition against double jeopardy. Therefore, *McGovern* does not explicitly find that section 3—4 is applicable to juvenile adjudicatory proceedings.

Defendant's reliance upon *In re R.L.K.* (1978), 67 Ill. App. 3d 451, 384 N.E.2d 531, is more apposite. In *R.L.K.*, the court held that the concepts of double jeopardy and compulsory joinder are applicable to MINS (minor in need of supervision) proceedings. The State in *R.L.K.* initially filed MINS petitions because of the minor's involvement in a theft. After the State rested its case at the hearing, the court granted a motion for a directed verdict in favor of the minors. Rather than appeal this order, the State filed petitions for adjudication of wardship alleging the minors were delinquents. After the State concluded its portion of the case, the trial court granted the minors' motion to dismiss the petition in part because the second proceeding was barred by double jeopardy. The appellate court affirmed, finding that "both statutory and constitutional double jeopardy provisions mandate that the State was barred from alleging the theft violation in the second petition." 67 Ill. App. 3d 451, 454, 384 N.E.2d 531, 533.

While acknowledging that the *R.L.K.* court concluded that section 3—4 was applicable to delinquency proceedings, the State questions whether the result is correct. The precise holding in *R.L.K.* is that the concepts of double jeopardy and compulsory joinder as expressed in the Criminal Code of 1961 do apply to MINS proceedings. The *R.L.K.* court did not expressly hold that those same statutory provisions applied to delinquency adjudications, although a fair reading of

the opinion indicates that the provisions do apply. The reason the *R.L.K.* court did not expressly reach the question posed by this appeal is that in *R.L.K.*, the State conceded that section 3—4 was applicable to delinquency proceedings. Given this concession, the court proceeded to analyze whether MINS proceedings were sufficiently similar to delinquency proceedings to warrant application of the statutory prohibition against double jeopardy to MINS proceedings.

> "[B]ecause the potential consequences of a MINS and a delinquency determination are substantially similar - including the stigma associated with both proceedings - the protection afforded delinquents by the compulsory adjoinder [*sic*] in double jeopardy provisions of the Criminal Code should be applied to MINS children." 67 Ill. App. 3d 451, 456, 384 N.E.2d 531, 534-35.

As additional support for its holding, the *R.L.K.* court construed *In re Vitale* (1978), 71 Ill. 2d 229, *vac. & rem. on other grounds* (1980), 447 U.S. 410, 65 L.Ed. 2d 228, 100 S. Ct. 2260, as holding that section 3—3 and 3—4 applied to delinquency proceedings. (*In re R.L.K.* (1978), 67 Ill. App. 3d 451, 454, 384 N.E.2d 531, 534.) However, as the Fourth District of our appellate court later acknowledged in *In re C.H.* (1981), 93 Ill. App. 3d 825, 417 N.E.2d 1053, *Vitale* was decided on constitutional grounds.

> "Although our supreme court thereafter in *Vitale* mentions sections 3—3 and 3—4 of the Criminal Code of 1961 [citation] the decision was rendered on the basis of the double jeopardy clause of the United States Constitution. In fact, upon remand following the granting of a writ of *certiorari*, our supreme court certified that the judgment was based upon Federal constitutional grounds." (*In re C.H.* (1981), 93 Ill. App. 3d 825, 827, 417 N.E.2d 1053, 1054.)

Because of the appellate court's subsequent acknowledgement in *C.H.* that *Vitale* was decided on constitutional and not statutory grounds, the State argues that the court in *R.L.K.* misconstrued the *Vitale* holding. We find the State's argument unpersuasive. First, the fact that *Vitale* was decided on constitutional grounds does not preclude application of section 3—4 to delinquency hearings. In fact, the supreme court's decision to apply constitutional double jeopardy provisions to juvenile proceedings supports application of the statutory double jeopardy provisions to those same proceedings. Second, while the *R.L.K.* court drew upon *Vitale* for support, its holding that statutory double jeopardy and compulsory joinder provisions apply to MINS proceedings was predicated on its own analysis of the similarities between

MINS and delinquency proceedings. Third, we find it significant that the State conceded in *R.L.K.* that section 3—4 applied to delinquency proceedings. We conclude section 3—4(c) should be applied here to bar the instant prosecution.

■ The State next argues that its prosecution is not barred because "each prosecution requires proof of a fact not required in the other prosecution ***." (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(c)(1).) The Colorado statute does require proof of a fact not required by the Illinois statute; that the person knowingly obtained control over a *motor vehicle*, while the Illinois statute requires only that the person knowingly have obtained or exerted control over the *property* of another.

The State argues that the Illinois prosecution also requires proof of a fact not required for the Colorado prosecution. The Colorado petition alleged that defendant "did unlawfully and knowingly obtain and exercise control over the motor vehicle ***." The complaint filed in Jo Daviess County alleged that defendant "knowingly obtained unauthorized control over the property ***" of the owner. The State argues that the Colorado petition while stating defendant obtained and exercised control actually charged defendant only with exercising control over the vehicle because the petition recited that the unlawful act occurred in Boulder, Colorado. Since the parties agree that the car was stolen in Jo Daviess County and thereafter driven to Colorado, the State concludes the petition was directed solely to defendant's conduct of *exercising* control over the car in Colorado. Therefore, the question squarely presented is whether obtaining and exerting control constitute different theories of prosecution under section 16(a)(1) requiring proof of different facts. The State argues the term "obtain" is directed toward the original theft, while the term "exert" is directed toward the subsequent and continuing possession of the property.

We reject the State's contention that the terms "obtain" and "exert" denote different theories of prosecution. The theft statutes in each State proscribe the same conduct; Colorado punishes the act of "obtaining or exercising control," and Illinois punishes the act of "obtaining or exerting control." The gravamen of the prosecution for each State's offense is the unauthorized control over the property of another. As this court stated in *People v. Dziak* (1975), 30 Ill. App. 3d 859, 333 N.E.2d 582 (abstract of opinion), "[t]he method by which unauthorized control is obtained or exerted is immaterial to a charge under section 16—1(a) ***." The terms "obtain" and "exert" are indistinguishable means of accomplishing the proscribed conduct of unauthorized control. Therefore, the terms are not different as they

relate to the substantive elements of the offense of theft. Even though the two terms are stated in the disjunctive, section 3—4 requires only one unit of conduct, for " 'obtains or exerts control' includes not only the taking of the property but also the carrying away, sale, or possession of the property." (*Dziak*.) The theft statute in Illinois does not describe either obtain or exert as a separate offense, and does not attach different punishments. Instead, the two terms are merely descriptive of the same offense.

The absence of any time limitation on the offense also suggests that the terms obtain and exert are only describing one unit of conduct. (*Cf. Brown v. Ohio* (1977), 432 U.S. 161, 169 n.8, 53 L. Ed. 2d 187, 196 n.8, 97 S. Ct. 2221, 2227 n.8 ("We would have a different case if the Ohio Legislature had provided that joyriding is a separate offense for each day in which a motor vehicle is operated without the owner's consent").) While the two terms in section 16—1(a) do not denote substantive differences, to the extent that they are distinguishable, the distinction concerns only the time and place of the unauthorized control. The term "obtain" is commonly defined as "to gain" or "to attain" (Webster's New Collegiate Dictionary 786 (1979)), while the term "exert" is defined as "to bring to bear with sustained effort." (Webster's New Collegiate Dictionary 397 (1979).) The act of obtaining control is the inception of exerting control; therefore, the terms are relevant in defining the locus of the unauthorized control. (See, *e.g., People v. Spicuzza* (1976), 44 Ill. App. 3d 420, 358 N.E.2d 315.) Since the essence of both prosecutions is the unauthorized control over the property of another, the Illinois prosecution does not require proof of an additional fact and thus, the Illinois prosecution properly was dismissed by the trial court.

Our conclusion that obtain and exert are interchangeable is buttressed by *People v. Collins* (1977), 48 Ill. App. 3d 643, 362 N.E.2d 1118. There, the indictment against the defendant alleged that he "did knowingly exert control over certain stolen property" in violation of section 16—1(d) of the Criminal Code of 1961. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d).) That section, however, did not contain the word "exert" and only proscribed obtaining control over the stolen property. Based upon this disparity, the defendant argued that the use of the term "exert control" instead of "obtain control" in the indictment amounted to a material variance rendering the indictment insufficient as a matter of law. Rejecting the defendant's argument, the *Collins* court concluded that the terms were interchangeable "given their plain and ordinary meaning used in the context of the conduct that the Criminal Code seeks to proscribe." (*People v. Collins* (1977),

48 Ill. App. 3d 643, 647, 362 N.E.2d 1118, 1122.) While the State distinguishes *Collins* on the basis that the court there construed section 16—1(d) and not section 16—1(a), the court's construction of the same words in the same paragraph of the Criminal Code of 1961 supports the conclusion here that exert and obtain similarly are interchangeable in section 16—1(a).

Both parties cite *People v. Alexander* (1982), 93 Ill. 2d 73, as supportive of their respective positions. In *Alexander*, the defendant was charged with exerting unauthorized control over a car in Will County on October 31, 1979. In fact, however, the proof indicated defendant had obtained the car on that date in Cook County, and had exerted control over the car in Will County on November 11, 1979. The supreme court held that the incorrect date did not render the charging instrument deficient because the State's evidence proved defendant's exertion of control over the car in Will County. The court also ruled that there was no defect regarding venue. In so ruling, the court acknowledged that "[a] defendant can be found guilty of theft solely on the basis of knowingly *exerting* unauthorized control over the property of another at the time of the arrest, because the crime of theft is not limited to the original taking of the property." (93 Ill. 2d 73, 78.) The State contends *Alexander* supports its position that obtaining control and exerting control amount to different theories of prosecution.

We read *Alexander* differently. The appellate and supreme court decisions there at most show that the terms "exert" and "obtain" are relevant in determining the locus of the proscribed conduct. The supreme court in *Alexander* stated that "[t]he information charging the defendant specified Will County as the locus of the crime" as distinguished from Cook County where the car was stolen. (93 Ill. 2d 73, 79.) Although evidence was presented at trial of the events on both October 31, 1979, and November 11, 1979, the court stated: "[O]nly one offense of automobile theft was involved in the instant case, so that a conviction would be a bar to a subsequent prosecution for that same offense." (93 Ill. 2d 73, 80.) *Alexander*, therefore, is consistent with the position that while the terms "exert" and "obtain" are relevant in determining the locus of the proscribed conduct, they are indistinguishable in reference to the substantive theft offense.

The State also relies on *People v. Cole* (1982), 91 Ill. 2d 172. There, the jury acquitted defendant of solicitation "by requesting another to commit an offense," but was unable to agree on a verdict for another count of solicitation "by encouraging another to commit an offense." In noting that defendant's reprosecution for the latter

charge was not barred by either statutory or constitutional prohibitions against double jeopardy, the *Cole* court said:

"[T]his case does not involve a reprosecution based upon a theory of the same offense that was not previously charged. Request and encouragement are two disjunctive methods by which the offense of solicitation can be committed and reflect the legislature's intent to include varying degrees of involvement on the part of the solicitor." (91 Ill. 2d 172, 177.)

The State asserts *Cole* stands for the proposition that disjunctive language within a single offense denotes separate theories of prosecution which necessarily involve proof of different facts. By analogy to *Cole*, the State asserts the disjunctive theft offense here contains two separate theories which require proof of separate facts and thus, prosecution is not barred by section 3—4. While *Cole* is analogous to the case at bar, the court there construed a different statute, and the drafting similarities between that statute and the statute here are not sufficient to require this court to conclude that obtain and exert denote separate theories of recovery in section 16—1.

■ The State's final argument is predicated on sections 3—4(d)(1) and (2) (Ill. Rev. Stat. 1981, ch. 38, pars. 3—4(d)(1), 3—4(d)(2)). Section (d)(1) provides that a subsequent prosecution will not be barred if the former prosecution "[w]as before a court which lacked jurisdiction over the defendant or the offense" and section (d)(2) provides that a later prosecution will not be barred, if the earlier one "[w]as procured by the defendant without the knowledge of the proper prosecuting officer ***." The State does not contend that Colorado lacked jurisdiction over the defendant, but rather argues only that Colorado lacked jurisdiction over the offense. In response, defendant argues that Colorado had jurisdiction over the offense.

A person commits the offense of aggravated motor vehicle theft in the second degree in Colorado when he "knowingly obtains or exercises control over the motor vehicle of another without authorization ***." Either obtaining or exercising control constitutes the offense in Colorado. Neither party disputes that defendant exercised control over the car in Colorado. Therefore, even though the car was not obtained in Colorado, Colorado had jurisdiction over the offense of aggravated motor vehicle theft. Thus, section 3—4(d)(1) does not authorize the State to pursue the instant prosecution.

■ We also find unpersuasive the State's argument that the Colorado judgment does not bar the instant prosecution because it was secured without the knowledge of the proper prosecuting officer. (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(d)(2).) Not only must the former

prosecution be procured without the knowledge of the State's Attorney, but it must also be obtained "with the purpose of avoiding the sentence which otherwise might be imposed ***." These conditions are conjunctive and the State fails to offer nor does the record contain any evidence that defendant obtained a delinquency adjudication to avoid prosecution in Illinois. However, the State argues that because defendant bears the burden of establishing that a prosecution is barred under section 3—4, she also must prove that a foreign judgment asserted as a bar to the Illinois prosecution was not wrongfully obtained under section 3—4(d)(2). Neither party cites any authority concerning the burden of proof issue. However, since section 3—4(d)(2) is an exception to the application of section 3—4, we believe the State, which asserts its application, should be required to prove that defendant wrongfully obtained the Colorado adjudication. On these facts, we conclude the State has failed to establish that defendant involved herself in an automobile accident in Colorado to avoid prosecution in Illinois and thus, neither section 3—4(d)(1) nor section 3—4(d)(2) prevent application of the bar against former prosecutions contained in section 3—4(c).

■ Finally, the State has conceded that this court's holding in *People v. Hall* (1983), 117 Ill. App. 3d 881, 454 N.E.2d 6, that costs cannot be taxed against a defendant absent a conviction is fatal to its request that costs be taxed against defendant in the instant case. Accordingly, the State's request for costs is denied.

The order of the circuit court of Jo Daviess County dismissing the information against defendant is affirmed.

Affirmed.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.