597 A.2d 987

**Terrence Lee GOINES**

v.

**STATE of Maryland.**

**No. 1822, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Oct. 31, 1991.

Certiorari Denied Feb. 12, 1992.

Melissa M. Moore, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty., for Prince George's County of Upper Marlboro, on the brief), for appellee.

Submitted before GARRITY, ALPERT and WENNER, JJ.

ALPERT, Judge.

This appeal reaches us as a result of an aborted attempt to steal a dishwasher from a dwelling. The State of Maryland charged appellant Terrence Lee Goines by criminal indictment with:

1. storehouse breaking with intent to steal goods valued at $300.00 or more;
2. storehouse breaking and stealing goods valued at $5.00 or more;
3. theft over $300.00;
4. attempted theft over $300.00;
5. theft under $300.00; and
6. attempted theft under $300.00.

A Prince George's County jury, on August 21, 1989, convicted appellant of storehouse breaking and stealing goods valued at $5.00 or more, theft under $300.00, and attempted theft under $300.00. Circuit Court Judge Joseph S. Casula sentenced Goines on October 30, 1990. The court merged the attempted theft conviction into the theft conviction, and imposed concurrent sentences of ten years for the storehouse breaking and stealing and eighteen months for the theft under $300.00.

Goines appeals his conviction to this court, raising the following issues:

I. Was there sufficient evidence below to sustain appellant Mr. Goines's convictions for storehouse breaking and stealing and theft under $300.00?

II. Did the lower court err by not taking corrective measures in response to the prosecutor's allegedly improper closing argument?

III. Does appellant Mr. Goines's conviction for theft under $300.00 merge with his conviction for storehouse breaking and stealing?

## FACTS

Trooper Gregory C. Taylor, of the Maryland State Police, was working "secondary employment" at the Palmer Woods development on November 12, 1989. Palmer Woods is a townhouse development on Countrywood Court in Seat Pleasant, Maryland. Capital Homes of Maryland, Inc. (CHM) is the developer.

On the night of the 12th, residents occupied forty units. Six completed units stood vacant, and CHM was still working on others. Mr. Robert Donovan, of CHM, was the site superintendent for the Palmer Woods project. Mr. Donovan was responsible for locking and securing each vacant, completed unit. He testified that on November 12, 1989, at approximately 6:00 p.m., he secured 1796 Countrywood Court. This entailed locking all the doors and windows and turning on the lights.

Early on the morning of the 13th, at approximately 1:00 a.m., Trooper Taylor, who was out of uniform but in his marked cruiser, noticed a ten thousand pound gross weight Hertz truck parked in front of 1796 Countrywood Court.[1] A black female sat in the passenger side of the truck. Trooper Taylor got out of his cruiser, walked by the female passenger, and approached 1796 Countrywood Court.

Upon reaching the living room window to 1796 Trooper Taylor looked in and saw the appellant Goines in the kitchen "pulling on a dishwasher." Trooper Taylor testified that the kitchen and upstairs of the unit were well lit. Appellant Mr. Goines was "pulling the dishwasher trying to remove it from it's [sic] place." He was unsuccessful in pulling out the dishwasher. The installation crew had hooked up the dishwasher to a hose that was connected through a wall to presumably plumbing in the wall. Nevertheless, Goines successfully moved the dishwasher to the middle of the floor before he stopped his activities.

After observing the appellant's behavior for about four minutes, Trooper Taylor went to his cruiser and radioed for assistance. He then returned to the window where Goines turned around and made eye contact with him. Goines immediately exited the townhouse through a sliding glass door.

Mr. Goines had some quick words with his compatriot before Trooper Taylor detained him at gunpoint. A short while later, several county police officers arrived and apprehended Goines. As the officers placed him under arrest he said "[y]ou [Trooper Taylor] didn't see me in there."[2]

Later that day, November 13, 1989, Trooper Taylor accompanied Detective Tony Lee Camp, of the Prince George's County Police, to the Prince George's County

---

1. In addition to regular parking lot lights, CHM had installed a generator with two temporary quartz lights which lit up the parking lot.

2. Mr. Goines also gave the officers at least two different aliases.

Detention Center. As Detective Camp was reading Goines his rights, he "blurted" out "[y]ou got me on the one last night. Tell the man who owns the property I'll pay him back, I don't have anything else to say."

Meanwhile, at 7:00 a.m. Mr. Donovan arrived at 1796 Countrywood Court. He discovered a broken kitchen window above the sink, and the dishwasher[3] in the middle of the floor.

The police investigators and technicians recovered several fingerprints from the relevant areas in 1796 Countrywood Court. None matched up with appellant's prints. Mr. Donovan testified that approximately five individuals put in the dishwasher, two put in the window above the kitchen sink, and that around six prospective purchasers had inspected that particular unit. He did admit, however, to the possibility that the cleaning crew had cleaned the interior of the unit after the construction crew completed the unit around three weeks prior.

### I.

First, we note the standard of review for sufficiency of the evidence. Our standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in the original) (quoted in *State v. Rusk,* 289 Md. 230, 240, 424 A.2d 720) (1981)). With the *Jackson* test in mind we now consider the parties' arguments.

The jury convicted Goines of storehouse breaking and stealing under 3A Md.Ann.Code article 27, § 33 (1987 repl. vol.), theft under $300.00, and attempted theft under $300.00. As appellant points out, the State must prove a breaking and a stealing beyond a reasonable doubt to sustain a conviction under § 33. He specifically takes issue

---

3. Mr. Donovan valued the dishwasher at $287.00.

with the elements of stealing, of which theft is one. *War-field v. State,* 315 Md. 474, 494–95, 554 A.2d 1238 (1989). The Code defines theft in § 342. For purposes of this appeal we examine the language of § 342(a).

(a) *Obtaining or exerting unauthorized control.*—A person commits the offense of theft when he willfully or knowingly obtains control which is unauthorized or exerts control which is unauthorized over property of the owner, and:

(1) He has the purpose of depriving the owner of the property; or

(2) Willfully or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or

(3) Uses, conceals, or abandons the property knowing the use, concealment, or abandonment probably will deprive the owner of the property.

3A Md.Ann.Code art. 27, § 342(a) (1987 repl. vol.).

Appellant argues that he never obtained or exerted control over the dishwasher because it was connected to the kitchen wall. The Code states that:

(d) *"Exerts control"* includes but is not limited to the taking, carrying away, appropriating to one's own use or sale, conveyance, transfer of title to, interest in, or possession of property. The term "exerts control" does not include trespassing on the land of another or occupying without authorization the land of another.

*Id.* § 340(d). And the Code defines "obtains" as follows:

(f) *"Obtain"* means:

(1) In relation to property, to bring about a transfer of interest or possession, whether to the offender or to another; and

(2) In relation to services, to secure the performance thereof.

*Id.* § 340(f).

The State argues that appellant Mr. Goines exerted control over the dishwasher. We consider that argument.

The Legislature wrote § 342(a) in the disjunctive. That is, one commits a theft by *either* willfully or knowingly obtaining unauthorized control over another's property *OR* willfully or knowingly exerting unauthorized control over another's property.

Maryland is not the only state with such a theft statute. In fact, it derived its theft statute from Illinois and other states. Revision of Maryland Theft Laws and Bad Check Laws 32–33 (1978). An examination of Illinois's theft statute confirms that fact.

**§ 16–1.  Theft**

A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; or

(b) Obtains by deception control over property of the owner; or

(c) Obtains by threat control over property of the owner; or

(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property; or

(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

.    .    .    .    .

Ill.Ann.Stat. ch. 38, para. 16–1 (Smith–Hurd 1977).

Looking to the courts of that state, we find a decision that is germane to our discussion in the instant case. In *People v. Poliak*, 124 Ill.App.3d 550, 79 Ill.Dec. 706, 464 N.E.2d 304 (1984), *cert. denied*, [Ill.Sup.Ct.], the Appellate Court of Illinois faced the issue of whether obtaining and

exerting control constituted different theories of prosecu-
tion under Illinois statute 16–1(a)1. The court determined
that "[t]he terms 'obtain' and 'exert' are indistinguishable
means of accomplishing the proscribed conduct of unautho-
rized control. Therefore, the terms are not different as
they relate to the substantive elements of the offense of
theft." *Id.* The Illinois court's discussion is persuasive.

In Maryland, the Court of Appeals has defined the word
"control" as it pertained to Md.Ann.Code article 27, § 277
(1957) (controlled dangerous substances). "We must give
them [the words "control" and "possession"] their ordinary
meanings. According to Webster's Third New Internation-
al Dictionary, Unabridged (1961), 'control' is defined as 'to
exercise restraining or directing influence over.' It has also
been defined to relate to authority over what is not in one's
physical possession." *Bryant v. State*, 229 Md. 531, 537,
185 A.2d 190 (1962). Looking to the most current edition of
The Oxford English Dictionary, we find that one definition
of control means "[t]o exercise restraint or direction upon
the free action of; to hold sway over, exercise power or
authority over; to dominate, command." III The Oxford
English Dictionary 853 (2d ed. 1989).

The State is correct to point out that the Joint Subcommit-
tee on Theft Related Offenses (Subcommittee) stated that
article 27, § 340(d) "is not a strict definition of the words
'exerts control'. [sic] It is an illustration of what the phrase
'includes, but is not limited to'. [sic] It is, therefore, a
guide to assist in providing meaning to these words." Revi-
sion of Maryland Theft Laws and Bad Check Laws 13
(1978).

The dishwasher is an immobile object (subject to slight
movement from vibration). Absent an outside force acting
upon it, it will not move on its own. Trooper Taylor
testified that he watched appellant Mr. Goines "[i]n the
kitchen, pumping on the dishwasher. It was like a panelled
area for the refrigerator, dishwasher, and stove unit, and he
was pulling on the dishwasher trying to remove it from it's
[sic] place." In fact, Goines successfully moved the dish-

washer till it was "in the center of the floor." Interpreting the words "exerts control" in the manner the Subcommittee intended, we hold that Goines did exert control over the dishwasher within the acceptable import of those words. Thus, the evidence at issue was sufficient under the *Jackson* test to establish "stealing" and theft.

## II.

■ The prosecution *cannot* comment on the defendant's failure to testify: that is forbidden. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Veney v. State,* 251 Md. 159, 246 A.2d 608 (1968), *cert. denied,* 394 U.S. 948, 89 S.Ct. 1284, 22 L.Ed.2d 482 (1969), *aff'd,* 312 Md. 122 (1988); Md.Decl.Rights art. 22; Md.Cts. & Jud.Proc. Code Ann. § 9–107 (1989). Abuse of discretion is the standard of review we employ for this issue. *Booth v. State,* 306 Md. 172, 210–11, 507 A.2d 1098 (1986), *vacated in part,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987).

■ Mr. Goines complains of certain remarks made by the prosecutor, Mr. Smathers.

You've heard a lot from me, and the State's witnesses in this case. And I'm sure, like me you may be a little confused about the evidence that the defense put on, in light of all the evidence the State put on against him. After hearing all the State's witnesses, and seeing all the State's Exhibits, the only evidence the defense chose to put on are these three pieces of evidence which are basically shots of the same area that was shown to you earlier.

MR. DREOS [Defense Counsel]: Your Honor, may we approach the bench here?

THE COURT: Yes.

(At the Bench)

MR. DREOS: I think what Mr. Smathers [Prosecutor] is suggesting here is, that the defendant failed to testify. And I would—

THE COURT: I didn't hear that.

MR. DREOS: He didn't say it in so many words, but the implication to me was that.

THE COURT: I didn't hear that. Read it back what he said.

(Prior statement read back by the Reporter)

THE COURT: I think he's just commenting on the evidence. Stay away from that in the future.

MR. SMATHERS: All right.

THE COURT: I think he was just commenting on the evidence.

In *Hutchinson v. State,* 41 Md.App. 569, 398 A.2d 451 (1979), *aff'd,* 287 Md. 198, 411 A.2d 1035 (1980), this court noted that although it is not proper for the State to comment on the defendant's failure to testify, "this does not mean that every neutral or indirect reference that the State makes which implicitly refers to a defendant's silence is improper comment." *Id.* 41 Md.App. at 572–73, 398 A.2d 451. Furthermore, "the rule does not apply, where, as here, the thrust of the remark is directed toward the lack of evidence rather than pointed directly at the failure of the accused to testify." *Grace v. State,* 6 Md.App. 520, 522, 252 A.2d 297, *cert. denied,* 256 Md. 745 (1969). The prosecutor directed the thrust of his remarks toward the lack of evidence. Therefore, the lower court did not commit reversible error because the prosecutor's remarks were not improper.

### III.

■ The State wisely concedes that Goines's conviction for theft under $300.00 merges with his conviction for storehouse breaking and stealing. *Young v. State,* 220 Md. 95, 100–101, 151 A.2d 140 (1959), *cert. denied,* 363 U.S. 853, 80 S.Ct. 1634, 4 L.Ed.2d 1735 (1960).

We affirm the lower court on issues I and II, and order that Goines's conviction for theft under $300.00 merge with

**114**

his conviction for storehouse breaking and stealing and the sentence thereon be vacated.

SENTENCE ON THEFT UNDER $300 VACATED; CONVICTION THEREON MERGED WITH CONVICTION FOR STOREHOUSE BREAKING; JUDGMENT ON STOREHOUSE BREAKING AFFIRMED; COSTS TO BE PAID ⅔ BY APPELLANT AND ⅓ BY PRINCE GEORGE'S COUNTY.