THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL J. LEVAN, Defendant-Appellant.

Third District   No. 3—95—0607

Opinion filed November 15, 1996.

348

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Michael Levan, was charged with theft. 720 ILCS 5/16—1 (West 1994). He moved to dismiss on the ground of double jeopardy. The trial court denied the motion, and the defendant was later convicted. On appeal, the defendant argues that the charge should have been dismissed. We reverse.

The record shows that on March 18, 1994, the defendant was charged in Illinois with theft. The Illinois charge alleged that on March 4, 1994, the defendant unlawfully obtained control over some Tiffany lamps in Peoria County.

On March 24, 1994, the defendant was charged with theft in Arizona. The Arizona charge alleged that from March 14 to March 17, 1994, the defendant unlawfully controlled two Tiffany lamps while in Maricopa County, Arizona. On November 22, 1994, the defendant pled guilty in Arizona to attempted theft of the lamps and was sentenced to $3^1/2$ years of imprisonment.

On March 22, 1995, the defendant was arraigned on the Illinois charge in the Peoria County circuit court. On July 13, 1995, defense counsel moved to dismiss the charge on double jeopardy grounds. Fol-

lowing a hearing on the motion, the court found that the Illinois prosecution did not violate the double jeopardy prohibition.

The cause proceeded to a stipulated bench trial. The evidence showed that on March 8, 1994, two Tiffany lamps were discovered missing from the Pettengrill-Morron House in Peoria. The defendant was a volunteer for the Peoria Historical Society and at one time had a key to the house and knew the security code.

On March 5, 1994, the defendant sold the lamps to Robert Ogorek in Michigan. Ogorek later stopped payment on the checks and returned the lamps to the defendant. On March 14, 1994, the defendant sold one of the lamps to David Adler in Scottsdale, Arizona. On March 16, Adler agreed to purchase the second lamp and gave the defendant partial payment. The following day, Adler paid the defendant the balance due. The defendant was then arrested at a bank in Arizona.

Following presentation of the stipulated testimony, the defendant was convicted of theft. He was later sentenced to seven years of imprisonment.

On appeal, the defendant argues that the motion to dismiss should have been granted. The defendant contends that the prosecution was barred by section 8—5 of the Criminal Code of 1961 (Code), which prohibits convictions for both the inchoate and the principal offense. 720 ILCS 5/8—5 (West 1994). The State contends that the defendant waived this argument by not making it at trial.

■ Issues not raised at trial are ordinarily deemed waived on review. *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988). However, issues concerning substantial rights may be considered by a reviewing court even if not properly preserved in the trial court. 134 Ill. 2d R. 615(a). The double jeopardy prohibition is a substantial right. See *People v. Brown*, 227 Ill. App. 3d 795, 592 N.E.2d 342 (1992). Since the issue on appeal is essentially a double jeopardy argument, we will consider it.

■ Section 8—5 of the Code states, "No person shall be convicted of both the inchoate and the principal offense." 720 ILCS 5/8—5 (West 1994). Section 8—6 of the Code states that for purposes of section 8—5, "offense" includes conduct which, if performed in another state, would be an offense in that state and which, if performed in Illinois, would be an offense in Illinois. 720 ILCS 5/8—6 (West 1994).

■ We find that the Illinois prosecution was barred by the Arizona conviction. Both prosecutions involved the same conduct: the unlawful possession of the Tiffany lamps. See *People v. Poliak*, 124 Ill. App. 3d 550, 464 N.E.2d 304 (1984) (holding that, for purposes of theft, obtaining and exerting control are essentially the same). Since the

Arizona conviction was the inchoate form of the offense, the defendant could not be convicted in Illinois for the principal offense. The motion to dismiss should have been granted.

The State contends that the defendant's motion could have been properly dismissed as untimely. The State cites section 114—1 of the Code of Criminal Procedure of 1963, which states that a court shall require a motion to dismiss to be filed within a reasonable time after arraignment. 725 ILCS 5/114—1(b) (West 1994).

■ The State's argument is unavailing. Even if the motion was untimely, the defendant would still be entitled to a reversal because of ineffective assistance of counsel. Counsel is ineffective where her performance is unreasonably deficient and the deficiency prejudiced the defendant. *People v. Albanese*, 125 Ill. 2d 100, 531 N.E.2d 17 (1988). In this case, a reasonably competent lawyer would have identified the section 8—5 argument and presented it to the trial court in a timely manner. See *Murphy v. Puckett*, 893 F.2d 94 (5th Cir. 1990). The failure to do so would have prejudiced the defendant because he was entitled to a dismissal of the charge on that ground.

Based on the foregoing, we reverse the judgment of the circuit court of Peoria County.

Reversed.

LYTTON and MICHELA, JJ., concur.