No. 3--95--0607

_________________________________________________________________

                              IN THE

                              APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                              A.D., 1996

THE PEOPLE OF THE STATE       )  Appeal from the Circuit Court

OF ILLINOIS,                     )  of the 10th Judicial Circuit,

                                 )  Peoria County, Illinois

     Plaintiff-Appellee,         )  

                                 )

     v.                          )  No. 94--CF--287

                                 )  

MICHAEL J. LEVAN,            )  Honorable

                                 )  Robert Manning

     Defendant-Appellant.        )  Judge, Presiding

_________________________________________________________________

     JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

     The defendant, Michael Levan, was charged with theft.  720

ILCS 5/16--1 (West 1994).  He moved to dismiss on the ground of

double jeopardy.  The trial court denied the motion, and the

defendant was later convicted.  On appeal, the defendant argues

that the charge should have been dismissed.  We reverse. 

     The record shows that on March 18, 1994, the defendant was

charged in Illinois with theft.  The Illinois charge alleged that

on March 4, 1994, the defendant unlawfully obtained control over

some Tiffany lamps in Peoria County.  

     On March 24, 1994, the defendant was charged with theft in

Arizona.  The Arizona charge alleged that from March 14 to March

17, 1994, the defendant unlawfully controlled two Tiffany lamps

while in Maricopa County, Arizona.  On November 22, 1994, the

defendant pled guilty in Arizona to attempted theft of the lamps

and was sentenced to 3½ years of imprisonment.

     On March 22, 1995, the defendant was arraigned on the Illi-

nois charge in the Peoria County circuit court.  On July 13,

1995, defense counsel moved to dismiss the charge on double

jeopardy grounds.  Following a hearing on the motion, the court

found that the Illinois prosecution did not violate the double

jeopardy prohibition.   

     The cause proceeded to a stipulated bench trial.  The

evidence showed that on March 8, 1994, two Tiffany lamps were

discovered missing from the Pettengrill-Morron House in Peoria. 

The defendant was a volunteer for the Peoria Historical Society

and at one time had a key to the House and knew the security

code.  

     On March 5, 1994, the defendant sold the lamps to Robert

Ogorek in Michigan.  Ogorek later stopped payment on the checks

and returned the lamps to the defendant.  On March 14, 1994, the

defendant sold one of the lamps to David Adler in Scottsdale,

Arizona.  On March 16, Adler agreed to purchase the second lamp

and gave the defendant partial payment.  The following day, Adler

paid the defendant the balance due.  The defendant was then

arrested at a bank in Arizona.  

     Following presentation of the stipulated testimony, the

defendant was convicted of theft.  He was later sentenced to

seven years of imprisonment.  

     On appeal, the defendant argues that the motion to dismiss

should have been granted.  The defendant contends that the

prosecution was barred by section 8--5 of the Criminal Code of

1961 (Code), which prohibits convictions for both the inchoate

and the principal offense.  720 ILCS 5/8--5 (West 1994).  The

State contends that the defendant waived this argument by not

making it at trial.

     Issues not raised at trial are ordinarily deemed waived on

review.  People v. Enoch, 122 Ill. 2d 176, 522 N.E.2d 1124

(1988).  However, issues concerning substantial rights may be

considered by a reviewing court even if not properly preserved in

the trial court.  134 Ill. 2d R. 615(a).  The double jeopardy

prohibition is a substantial right.  See People v. Brown, 227

Ill. App. 3d 795, 592 N.E.2d 342 (1992).  Since the issue on

appeal is essentially a double jeopardy argument, we will consid-

er it. 

     Section 8--5 of the Code states, "No person shall be con-

victed of both the inchoate and the principal offense."  720 ILCS

5/8--5 (West 1994).  Section 8--6 of the Code states that for

purposes of section 8--5, "offense" includes conduct which, if

performed in another State, would be an offense in that State and

which, if performed in Illinois, would be an offense in Illinois. 

720 ILCS 5/8--6 (West 1994).    

     We find that the Illinois prosecution was barred by the

Arizona conviction.  Both prosecutions involved the same conduct:

the unlawful possession of the Tiffany lamps.  See People v.

Poliak, 124 Ill. App. 3d 550, 464 N.E.2d 304 (1984) (holding that

for purposes of theft, obtaining and exerting control are essen-

tially the same).  Since the Arizona conviction was the inchoate

form of the offense, the defendant could not be convicted in

Illinois for the principal offense.  The motion to dismiss should

have been granted.    

     The State contends that the defendant's motion could have

been properly dismissed as untimely.  The State cites section

114--1 of the Code of Criminal Procedure of 1963, which states

that a court shall require a motion to dismiss to be filed within

a reasonable time after arraignment.  725 ILCS 5/114--1(b) (West

1994).  

     The State's argument is unavailing.  Even if the motion was

untimely, the defendant would still be entitled to a reversal

because of ineffective assistance of counsel.  Counsel is inef-

fective where her performance is unreasonably deficient and the

deficiency prejudiced the defendant.  People v. Albanese, 125

Ill. 2d 100, 531 N.E.2d 17 (1988).  In this case, a reasonably

competent lawyer would have identified the section 8--5 argument

and presented it to the trial court in a timely manner.  See

Murphy v. Puckett, 893 F.2d 94 (5th Cir. 1990).  The failure to

do so would have prejudiced the defendant because he was entitled

to a dismissal of the charge on that ground.

     Based on the foregoing, we reverse the judgment of the

circuit court of Peoria County.  

     Reversed.

     LYTTON and MICHELA, J.J., concur.