James MURPHY, Jr., Plaintiff–Appellee,

v.

S.W. PUCKETT, et al., Defendants–Appellants.

No. 89–4418.

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1990.

See also, Miss., 439 So.2d 682.

Jeffrey M. Rosamond, Asst. Atty. Gen. and Mike Moore, Atty. Gen., Jackson, Miss., for defendant-appellant.

Charles E. Webster, Clarksdale, Miss., for plaintiff-appellee.

Before GARZA, WILLIAMS and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The State of Mississippi (the state) appeals the district court's order granting James Murphy's (Murphy) petition for habeas corpus. We affirm.

## I.

In December 1981, Murphy was convicted of capital murder with burglary and armed robbery as the underlying felonies. He was sentenced to life imprisonment. In November 1982, on a separate indictment, he was convicted of armed robbery. Both trials arose out of the same incident, and the armed robbery charge on which Murphy was convicted in 1982 was for the same armed robbery which served as one of the underlying felonies for the 1981 capital murder conviction.

Murphy was represented by different counsel in the two prosecutions and the lawyer who defended him against the armed robbery charge did not at any time, either at or before trial or on appeal, raise double jeopardy as a defense.

Murphy appealed both convictions. In October 1983, the Mississippi Supreme Court affirmed the armed robbery conviction. In August 1984, however, the Mississippi Supreme Court reversed and remanded the capital murder conviction on grounds that the trial court improperly admitted hearsay testimony. On remand, the state retried petitioner for capital murder utilizing only burglary as the underlying felony. Murphy was acquitted.

Murphy then petitioned the state court for post-conviction relief from the armed robbery conviction on grounds that the trial and conviction for felony murder placed him in double jeopardy. The Mississippi Supreme Court denied post-conviction relief.

Murphy then sought habeas relief in federal court because of ineffective assistance of counsel. Murphy argued that counsel was ineffective because he failed to raise double jeopardy as a defense at Murphy's armed robbery trial. The district court granted Murphy's petition.[1]

## II.

The state concedes that Murphy's attorney provided deficient representation which prejudiced Murphy and, therefore, counsel was ineffective under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), because he failed to raise what was clearly a valid double jeopardy defense. The only issues, therefore, are: 1) whether that ineffectiveness constituted harmless error because it did not contribute to the armed robbery conviction; or 2) whether the constitutional violation has been cured.

---

1. The district court held that Murphy was procedurally barred from directly raising a double jeopardy claim by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594, reh'g denied, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977). Murphy does not complain of this ruling.

## A.

We turn first to the state's argument that even though Murphy has demonstrated that his counsel was ineffective under the *Strickland* standard, that violation is harmless under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 reh'g. denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). The Court in *Chapman* established that not all trial errors which potentially affect constitutional rights require reversal of a defendant's conviction. "[S]ome constitutional errors ... in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." *Id.* at 22, 87 S.Ct. at 827.

In *Chapman*, the Court explained the general materiality standard to be applied in cases where a constitutional error has occurred to determine whether the conviction must be reversed. The government, as "beneficiary of a constitutional error [must] prove beyond a reasonable doubt that the error complained of did not contribute to the conviction." 386 U.S. at 24, 87 S.Ct. at 828.

In *Strickland*, the Supreme Court identified the two elements a petitioner must prove to establish a material violation of the sixth amendment and obtain a new trial because of ineffective assistance of counsel: deficient representation and prejudice. The prejudice prong is relevant here. To establish prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

The *Strickland* and *Chapman* standards of materiality both have the goal of preventing courts from "setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial." *Chapman*, 386 U.S. at 22, 87 S.Ct. at 827. However, unlike *Chapman, Strickland* places the burden of proof on the defendant to establish that the outcome of the trial would have likely been different had the error not occurred.

The state, in defending against the defendant's contention that his counsel's deficient representation was prejudicial, has every opportunity to show that counsel's inadequacies did not affect the outcome. Once that issue is litigated and determined, it makes no sense to give the state yet another opportunity to show that the deficient representation was immaterial. We agree with a commentator's explanation of why this inquiry should be made only once:

"[N]o constitutional violation exists without a finding that the challenged behavior presented a "reasonable probability" of having affected the outcome of the proceeding. Where a court has made such a finding in concluding that there was a constitutional violation (as where it concludes that counsel's representation was ineffective under the *Strickland* standard ...) *then there is no reason to superimpose the Chapman standard* ..."

3 W. LaFave & J. Isreal, Criminal Procedure § 26.6 at 67 (1988 Supp.) (emphasis added), cited with approval by, *Coleman v. McCormick*, 874 F.2d 1280, 1304 (9th Cir.) (Wallace, concurring in part and dissenting in part), cert. denied, — U.S. ——, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989). It is clear to us, therefore, that a defendant is entitled to a new trial once he establishes that he was prejudiced by his counsel's deficient representation.

The facts of this case demonstrate that Murphy was prejudiced in the *Strickland* sense when counsel did not raise the double jeopardy defense. If counsel had asserted the double jeopardy defense, the state court could not have tried Murphy for armed robbery. If Murphy had not been tried, he obviously could not have been convicted. Thus, the outcome of the trial was vitally affected by counsel's dereliction.

We conclude that *Chapman* harmless error analysis is inapplicable where, as here, the petitioner has shown that "prejudice," as defined in *Strickland*, resulted from counsel's deficient representation.

## B.

■ The state contends next that because Murphy's earlier capital murder conviction with armed robbery as the underlying felony was reversed and Murphy was later acquitted on the murder charge, the double jeopardy violation caused by his armed robbery trial was cured.

The state bases its contention on *Jones v. Thomas*, 491 U.S. ——, 109 S.Ct. 2522, 105 L.Ed.2d 322, reh'g. denied, —— U.S. ——, 110 S.Ct. 12, 106 L.Ed.2d 627 (1989). In a single trial, the defendant, Thomas, was convicted of both attempted robbery and felony murder with attempted robbery as the underlying felony. The judge sentenced Thomas to consecutive terms of fifteen years for attempted robbery and life imprisonment for the felony murder, with the fifteen-year sentence to run first. After it became apparent that state law permitted only one sentence, Thomas' fifteen-year sentence was commuted and he was given credit against his life sentence for the time served. Thomas then petitioned for habeas corpus, arguing that because he had completed the shorter, commuted sentence his confinement under the longer sentence constituted double jeopardy. The Court held that the state cured the violation of Thomas' double jeopardy rights when it vacated the fifteen-year sentence because Thomas "is now serving only a single sentence for a single offense." *Jones*, 109 S.Ct. at 2626 n. 2.

Although Murphy, like Thomas, is now serving only a single sentence for a single offense, Murphy's case is critically different. In *Jones*, the defendant was properly tried; only the sentencing was improper. The violation of Thomas' rights was completely cured because the court was able to place the defendant in the same position as he would have been if the double jeopardy violation had never occurred. Here, Murphy should not have faced a trial for armed robbery after his capital murder trial. If his attorney had raised the double jeopardy defense, Murphy would not now be serving a prison term for armed robbery because he could not have been tried for that offense. Murphy, therefore, is not in the same position he would have been in had his double jeopardy rights not been violated. It follows that a complete cure has not been effected.

*Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187, reh'g. denied, 475 U.S. 1132, 106 S.Ct. 1663, 90 L.Ed.2d 205 (1986), also addresses the ability to cure a double jeopardy violation. In *Morris*, the defendant pled guilty to aggravated robbery and the state later tried and convicted him for aggravated murder based on the robbery as an element of the offense. This constituted a double jeopardy violation. The Court held that the state could cure the violation by modifying his conviction to murder rather than aggravated murder. However, in holding that a cure had been effected the Court stated that "respondent concedes that the [Double Jeopardy] Clause would not prevent the State from trying him for murder." *Id.* at 244, 106 S.Ct. at 1036. This distinguishes *Morris* from the case at hand. Here, the Double Jeopardy Clause would have prevented the state from trying Murphy for armed robbery. Therefore, *Morris* does not support the state's argument that the violation of Murphy's rights has been cured.

The district court did not err in granting Murphy's petition for habeas corpus and the judgment is, therefore, affirmed.[2]
AFFIRMED.

■

---

2. We need not consider whether the state can retry Murphy for armed robbery now that the Mississippi Supreme Court has vacated the murder conviction predicated on armed robbery for erroneous admission of evidence. In granting Murphy's petition for habeas corpus we uphold the district court's order giving the state 90 days to attempt to retry Murphy for armed robbery. This is without prejudice to Murphy's right to urge double jeopardy or any other defense that might preclude trial.